# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

ROY SHANNON BASS,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

No. C 07-4024-MWB
(No. CR 05-4073-MWB)

**MEMORANDUM OPINION AND
ORDER REGARDING
PETITIONER'S § 2255 MOTION**

_____

## TABLE OF CONTENTS

**I. INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
   *A. Charge, Plea, Sentence, And Appeal* . . . . . . . . . . . . . . . . . . . . 3
   *B. Section 2255 Motion* . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**II. LEGAL ANALYSIS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
   *A. Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . . . 8
   *B. Preliminary Matters* . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
      *1. Need for an evidentiary hearing* . . . . . . . . . . . . . . . . . 10
      *2. Procedural default* . . . . . . . . . . . . . . . . . . . . . . . 11
      *3. Request for counsel* . . . . . . . . . . . . . . . . . . . . . . . 12
   *C. Bass's Ineffective Assistance Of Counsel Claim* . . . . . . . . . . . . . 13
      *1. Arguments of the parties* . . . . . . . . . . . . . . . . . . . . 13
      *2. Applicable standards* . . . . . . . . . . . . . . . . . . . . . . 14
      *3. Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
   *D. Breach Of The Plea Agreement* . . . . . . . . . . . . . . . . . . . . . . 20
      *1. Arguments of the parties* . . . . . . . . . . . . . . . . . . . . 20
      *2. Applicable standards* . . . . . . . . . . . . . . . . . . . . . . 21
      *3. Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
   *E. Impropriety Of The § 851 Enhancement* . . . . . . . . . . . . . . . . . 23
      *1. Arguments of the parties* . . . . . . . . . . . . . . . . . . . . 23

     2.     *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24
          a.     *Lack of a § 851 information* . . . . . . . . . . . . . . . . . 24
          b.     *Insufficiency of the prior conviction to trigger an enhancement* . . . . . . . . . . . . . . . . . . . . . . . . . . . 27
          c.     *The* **Apprendi** *claim* . . . . . . . . . . . . . . . . . . . . . . . 27
          d.     *Inapplicability of § 851 to persons like Bass* . . . . . . . 28
  F.  *Certificate of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

III. **CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

This matter comes before the court pursuant to petitioner Roy Shannon Bass's April 11, 2007, *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (§ 2255 Motion) (docket no. 1).[1] Bass asserts three grounds for relief in his § 2255 Motion: (1) ineffective assistance of his counsel in failing to proceed with a direct appeal of his conviction and sentence; (2) the prosecutor's "reneging" on a plea agreement by not filing a motion for downward departure based on his medical condition; and (3) failure of the prosecution to file an "information" concerning a prior felony drug conviction as required by 21 U.S.C. § 851 in order to increase his mandatory minimum sentence. The grounds for relief are clarified and amplified in Bass's supporting briefs. The prosecution contends that Bass is not entitled to relief on any of the grounds that he raises.

---

[1] Docket numbers relating to Bass's § 2255 Motion are in Civil Case No. C 07-4024-MWB. Docket numbers relating to Bass's underlying criminal conviction are in Criminal Case No. CR 05-4073-MWB.

# I. INTRODUCTION

## A. Charge, Plea, Sentence, And Appeal

On June 15, 2005, petitioner Roy Shannon Bass was charged as the sole defendant in a one-count indictment with the following offense:

> Between about January 2003 and continuing through the present, in the Northern District of Iowa and elsewhere, defendant, ROY SHANNON BASS, did knowingly and unlawfully combine, conspire, confederate, and agree with other persons, known and unknown to the Grand Jury, to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, within 1000 feet of Hunt Grade School, Sioux City, Iowa, having previously been convicted of a felony drug offense, in 1998 in South Dakota, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 860(a) and 851.
>
> This was in violation of Title 21, United States Code, Section 846.

Indictment (docket no. 1).[2] Bass alleges in his § 2255 Motion that, during his arrest on this charge in May or June of 2005, he was severely beaten by Drug Enforcement Administration (DEA) agents, and that beating resulted in the loss of use of his left leg, numbness on the entire left side of his body, and other injuries leaving him wheelchair-bound. *See* Movant's Affidavit/Brief In Support Of His Title 28 U.S.C. § 2255 Motion To Vacate Sentence, Case No. C 07-4024-MWB (docket no. 4). The Presentence Investigation Report (PSIR) filed in Bass's criminal case (docket no. 27) does not reflect this version of events, but does reflect that Bass has nerve damage on the entire left side

---

[2]Again, docket numbers relating to Bass's underlying criminal conviction are in the underlying criminal case, No. CR 05-4073-MWB.

of his body, with no identification of the reason for the nerve damage, and that Bass requires the assistance of a wheelchair.

At his arraignment on July 11, 2005, on this charge, Bass pleaded not guilty and was detained. Arraignment Hearing Minutes (docket no. 7). On July 11, 2005, the court entered a Trial Management Order (docket no. 8) setting Bass's trial for September 6, 2005.

After various motions to continue, however, Bass entered a plea of guilty before a magistrate judge to the single count of the Indictment pursuant to a plea agreement with the prosecution. Guilty Plea Hearing Minutes (docket no. 14) & Exhibit 1 (plea agreement). The Plea Agreement reflects, *inter alia*, a correction of Bass's prior conviction for a felony drug offense in 1998 as having occurred in Nebraska, rather than in South Dakota, in a paragraph initialed by Bass. *Id.*, Exhibit 1, ¶ 36(D). At the time of Bass's plea, the court set Bass's sentencing hearing for January 3, 2006. *Id.* The magistrate judge who presided over Bass's guilty plea filed a Report and Recommendation (docket no. 17) on October 14, 2005, recommending that the court accept Bass's guilty plea. The undersigned did, indeed, accept the Report and Recommendation and Bass's guilty plea by Order Accepting Magistrate Judge's Report and Recommendation Regarding Defendant's Guilty Plea (docket no. 18) dated November 3, 2005. After various continuances, Bass's sentencing hearing was set for April 13, 2006.

The Presentence Investigation Report (PSIR) (docket no. 27) reflects that, pursuant to the parties' plea agreement, Bass's base offense level was set at 36, although the probation officer suggested that pertinent drug quantities would likely have resulted in a much higher base offense level in the absence of a stipulation; that the parties stipulated to a one-level increase for distribution near a protected location; that the parties stipulated to a two-level increase for obstruction of justice, arising from Bass's attempt to escape

4

from the Woodbury County Jail; that the parties also stipulated to a two-level reduction for acceptance of responsibility, notwithstanding the increase for obstruction of justice, and a further one-level reduction for acceptance of responsibility for timeliness of the notice of intent to plead guilty, all resulting in a total offense level of 36. With a criminal history category IV, with 9 criminal history points, the PSIR reflects, without objection from the parties, an advisory guideline sentencing range of 262 to 327 months, with a statutory mandatory minimum of 20 years, based on the conspiracy offense and the prior felony drug conviction, and a statutory maximum sentence of life imprisonment. Bass also filed a Motion For Deviation From Advisory Sentencing Guidelines (docket no. 23) on April 7, 2006, seeking a sentence below the advisory guideline range on the basis of his substance abuse and health conditions, which he argued would reduce his risk to the community and would cause any sentence of imprisonment to be more punitive than a similar sentence for a typical defendant.

At the sentencing hearing on April 13, 2006, the prosecution made an oral motion pursuant to U.S.S.G. § 5K1.1 for a sentence reduction based on Bass's substantial assistance. The court granted that motion, and ruled that Bass's own motion for a downward variance was mooted by the prosecution's motion. The court then sentenced Bass to the statutory mandatory minimum sentence of 20 years (240 months) of imprisonment, with other conditions. Sentencing Hearing Minutes (docket no. 25). A Judgment In A Criminal Case (docket no. 26) to that effect was entered on April 19, 2006.

On Bass's instructions, his counsel filed a Notice Of Appeal (docket no. 29) on May 2, 2006, appealing the April 19, 2006, Judgment. However, Bass's counsel subsequently filed a motion to dismiss the appeal, which the Eighth Circuit Court of Appeals granted on June 6, 2006, thereby dismissing Bass's appeal. *See* Judgment of Circuit Court of Appeals (docketed in this court on June 12, 2006, as docket no. 38).

### B.  Section 2255 Motion

On April 11, 2007, Bass filed the *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (§ 2255 Motion) (docket no. 1) now before the court.[3]  In his § 2255 Motion, Bass characterized his grounds for relief as follows:

> A.     Ground one:   Ineffective assistance of counsel. Counsel's failure to proceed with direct appeal. . . . Counsel filed a timely notice of appeal on May 2, 2006, and then withdrew movant's appeal which was dismissed on June 12, 2006, thus denying movant his Right to appeal.
>
> B.     Ground two:  A.U.S.A. [name] reneged on the plea agreement by NOT filing a Motion for a downward departure. . . .  Opposing counsel stated that he would file a motion for a downward departure because of movant's medical condition if movant plead [sic] guilty to count one of the indictment.  NOTE:  Movant has spinal column damage resulting in paralysis on his left side.
>
> C.     Ground three:  Movant was charged and sentenced under 21 USCS § 851(a). . . .  Opposing counsel did not file an information with the court regarding 851 and so therefore movant cannot be sentenced under 851. The Docket does not reflect opposing counsel ever having filed an information.

Section 2255 Motion (docket no. 1) at 4.  Also on April 11, 2007, Bass filed a Motion For Leave To Proceed *In Forma Pauperis* (docket no. 2).  By Order (docket no. 3) dated May

---

[3]Again, docket numbers relating to Bass's § 2255 Motion are in Civil Case No. C 07-4024-MWB.

2, 2007, the court granted Bass's Motion For Leave To Proceed *In Forma Pauperis* and set a briefing schedule on Bass's § 2255 Motion.

Bass filed his Movant's Affidavit/Brief In Support Of His Title 28 U.S.C. § 2255 Motion To Vacate Sentence (docket no. 4) on June 5, 2007, reiterating the grounds for relief stated in his § 2255 Motion, with additional arguments. On June 8, 2007, however, Bass filed his Movant's Amendment In Support Of His Title 28 U.S.C. § 2255 Motion To Vacate Sentence (Amended Brief) (docket no. 5), considerably amplifying or changing the grounds for his challenge to his conviction based on the 21 U.S.C. § 851 enhancement for a prior felony drug conviction. In his Amended Brief, Bass asserted for the first time that the § 851 enhancement violated *Apprendi*, because there was no jury determination of his prior conviction, and his due process rights, because the legislative history and applicable regulations made clear that he was not the kind of person to whom a § 851 enhancement was intended to apply. On July 6, 2007, the prosecution filed the Government's Court Ordered Response To Petitioner Bass's Motion To Vacate, Set Aside Or Correct Sentence Pursuant To 28 U.S.C. § 2255 (docket no. 6), to which the prosecution attached a copy of the parties' plea agreement and an affidavit from Bass's trial counsel. Counsel, in turn, attached to his affidavit a copy of his Motion For Dismissal Of Appeal bearing Bass's signature indicating his consent to the motion. The prosecution argued that Bass is not entitled to any evidentiary hearing on his § 2255 Motion, because his allegations are without merit, and that Bass is not entitled to any relief on the grounds that he asserts. Bass then filed a Reply (docket no. 7) on July 25, 2007.

There, unfortunately, the matter languished on this court's crowded docket until the court was able to reach it nearly two years later.

## II. LEGAL ANALYSIS

### A. Standards For Relief Pursuant To § 2255

Turning to the legal analysis of Bass's claims, in light of the evidence in the record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*). On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors

> were fundamental defects resulting in a complete miscarriage
> of justice. *See United States v. Smith*, 843 F.2d 1148, 1149
> (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id*. (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to

support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, the court turns to analysis of Bass's claims for § 2255 relief.

## B. Preliminary Matters

### 1. Need for an evidentiary hearing

It does not appear that Bass ever expressly requested an evidentiary hearing on his § 2255 Motion. Nevertheless, the court will consider briefly whether Bass is entitled to such an evidentiary hearing.

"A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United*

*States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted); *See* 28 U.S.C. §2255. In this case, the court concludes that no evidentiary hearing is required on any issue, because the record conclusively shows that Bass's allegations either cannot be accepted as true, because they are contradicted by the record, or that, even if his allegations were accepted as true, they would not entitle him to relief.

### 2. *Procedural default*

Although the prosecution never argues that Bass's claims are procedurally defaulted, and Bass never argues that they are preserved for consideration pursuant to § 2255, the court will nevertheless briefly consider the question of whether any or all of Bass's claims are procedurally defaulted, because it appears that none of Bass's claims were raised at sentencing or on direct appeal. *See Ramey,* 8 F.3d at 1314 ("Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice." (internal citations omitted)); *accord Johnson*, 278 F.3d at 844 ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'" (quoting *Bousley*, 523 U.S. at 622, with citations omitted)).

As noted above, the "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht*, 403 F.3d at 545. Here, Bass alleges as an "umbrella" claim that his counsel was ineffective for failing to pursue any appeal in his case, even though his counsel initially followed his instructions to file a Notice of Appeal. The Eighth Circuit Court of Appeals has also expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir.

2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Thus, the court finds that Bass's "ineffective assistance" claim is properly raised in a § 2255 motion and, because that claim explains why no other claims raised here were ever raised on appeal, the court will assume, without deciding, that Bass can show "cause and prejudice" to overcome defaulted claims. Therefore, the court will consider the merits of Bass's claims for § 2255 relief.

### 3. *Request for counsel*

Buried at the end of Bass's Amended Brief is a request that he "be represented by effective counsel in accordance with his Sixth Amendment right, Federal Rules of Criminal Procedure Rule 44 and 18 U.S.C. 3006A in all phases of this case." Amended Brief at 8. The court takes this request to be a request for appointment of counsel to represent Bass on his § 2255 Motion.

A federal convict filing a motion under §2255 is *not* entitled, as a matter of constitutional right, to have court-appointed counsel in the preparation and presentation of such a motion in the District Court or the Court of Appeals. *See Day v. United States,* 428 F.2d 1193, 1195 (8th Cir. 1970) (the Sixth Amendment right to counsel does not extend to persons seeking post- conviction relief, citing *Baker v. United States,* 334 F.2d 444, 447 (8th Cir. 1964)). The appointment of counsel in relation to the presentation of a § 2255 motion is within the sound discretion of the court to which such motion is addressed. *Day,* 428 F.2d at 1195. The court considers various factors to determine whether court-appointed counsel is required. *See Davis v. Scott,* 94 F.3d 444, 447 (8th Cir. 1996) ; *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *see also Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case). Somewhat

more specifically, the trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim. *Id.*

Here, the court finds that there is no particular reason that either Bass or the court would benefit from the appointment of counsel. *Id.* Neither the facts of the case nor the applicable legal principles are particularly complex, the court need not assess any conflicting testimony to render a decision, and Bass has shown himself to be able to present his claims reasonably cogently. *Id.* Therefore, the court will deny Bass's request for appointment of counsel to represent him on his § 2255 Motion.

### C. Bass's Ineffective Assistance Of Counsel Claim

Bass's first claim for § 2255 relief is that counsel was ineffective in failing to pursue a direct appeal, even though his counsel initially filed a Notice Of Appeal. The prosecution denies that Bass is entitled to any relief on this claim.

#### 1. Arguments of the parties

Bass asserts that his counsel initially filed a Notice Of Appeal, as instructed, but then filed a motion to withdraw that appeal, after explaining to Bass that the appeal would likely do more harm than good. Bass contends that he was heavily medicated at the time, with pain killers and anti-depressants, so he took counsel at his word, but he now contends that counsel's withdrawal of his appeal shows that counsel abandoned his duty of loyalty to Bass and that his representation was "an unacceptable legal fiction." Bass contends that surely it would have done some good to assert on appeal that he was severely beaten and permanently disabled by DEA agents at the time of his arrest; that surely it would have done some good to assert on appeal that two DEA agents coerced him into pleading guilty

by threatening to arrest his wife, then promised him that they would help him get a reduced sentence, if he pleaded guilty, but did nothing to help him; and that surely it would have done some good to assert on appeal that the prosecutor promised to file a motion for downward departure because of his medical condition if he pleaded guilty, but then reneged on the plea agreement by failing to file such a motion. In short, Bass contends that reasonably competent counsel would have pursued an appeal on his behalf, but because counsel failed to do so, he was prejudiced by loss of the opportunity to argue on appeal the specific grounds for relief that he now asserts.[4]

In response, the prosecution argues that Bass's counsel's affidavit, which is attached to the prosecution's response, shows that Bass's counsel explained to Bass that an appeal in his case would not address the alleged ethical violation by the prosecution that Bass wanted to assert, that Bass had some potential for a subsequent Rule 35 reduction in his sentence, and that Bass agreed to dismissal of his appeal, then signed a consent to dismissal. Thus, the prosecution argues that Bass did not receive ineffective assistance of counsel when his counsel dismissed his appeal with his consent.

In reply, Bass reiterates that he was heavily medicated, owing to the beating he received from DEA agents, at the time that his counsel discussed not pursuing an appeal, and that his counsel represented that the prosecution would file a motion to reduce his sentence if he dropped his appeal He contends that his counsel continues to bolster the prosecution and to cover up the prosecution's lies.

### 2. *Applicable standards*

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of

---

[4]Bass's Amended Brief does not address his ineffective assistance of counsel claim.

Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States.").

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating

that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove

prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997).

### 3. Analysis

This is not a case in which Bass's counsel allegedly failed to file an appeal when instructed to do so. *See Keys v. United States*, 545 F.3d 644, 647 (8th Cir. 2008) (counsel performs unreasonably if he fails "'to follow the defendant's express instructions with respect to an appeal,'" quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000)). Rather, it is a case in which counsel was allegedly ineffective for dismissing an appeal that he had filed on the defendant's behalf. Where counsel has fulfilled his or her duty to consult with the defendant, has advised the defendant of the advantages and disadvantages of appealing, and has made a reasonable effort to determine the defendant's wishes, counsel has not performed ineffectively if the defendant instructs counsel not to appeal. *Keys*, 545 F.3d at 647.

Bass's trial counsel filed an affidavit, attached to the prosecution's Response (docket no. 6), in which counsel represents that he filed a Notice of Appeal at Bass's request, because time to do so was short. Counsel then represents that he subsequently explained to Bass in a telephone call that the appeal would not constitute some kind of ethical complaint against the prosecutor and discussed "his potential for a further reduction in sentence under Rule 35," at which point Bass agreed to dismiss his appeal. Counsel points out that Bass did, in fact, sign the consent to dismissal of his appeal, a copy of which is attached to his affidavit. Counsel adds that he did not believe that there were any issues on appeal that had any reasonable likelihood of ultimately reducing Bass's sentence; that Bass had already received a U.S.S.G. § 5K1.1 reduction, on the prosecution's motion; that Bass received only the mandatory minimum sentence of 240 months; and that, although Bass wanted the prosecution to file a motion under 18 U.S.C. § 3553(e), the prosecution

did not offer any unconstitutional reasons for its decision not to file such a motion, and the case law seemed clear that the District Court, therefore, did not have the power to compel the prosecution to file such a motion.

The record is devoid of evidence that Bass's counsel's performance in failing to pursue an appeal constituted performance that "'fell below an objective standard of reasonableness,'" *Wiggins*, 539 U.S. at 522 (quoting *Strickland*, 466 U.S. at 688), and more specifically, devoid of evidence that would overcome the "'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 689). First, it is clear that counsel did consult with Bass about the advantages and disadvantages of pursuing his appeal, after the notice was filed, and obtained his consent and direction to dismiss the appeal. That conclusion, alone, puts an end to Bass's claim of ineffective assistance of counsel in failing to pursue the appeal. *Cf. Keys*, 545 F.3d at 647. Moreover, counsel's affidavit makes clear that the decision not to pursue an appeal was the result of "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options,'" and, therefore, is "'virtually unchallengeable.'" *Id.* (again quoting *Strickland*, 466 U.S. at 690). The record shows that the prosecution had made a motion to reduce Bass's sentence for substantial assistance, a motion that the plea agreement plainly left to the prosecution's discretion, Plea Agreement (Government's Exhibit 2), ¶¶ 16-21, and the court sentenced Bass to his mandatory minimum sentence, below the low end of his advisory guideline sentencing range. Just as plainly, the Plea Agreement left to the prosecution's discretion whether or not to file a motion for further reduction below the mandatory minimum sentence pursuant to 18 U.S.C. § 3553(e), and *did not* include any promise to make a motion to reduce Bass's sentence based on his medical condition. *See id.* Moreover, the magistrate judge's Report and Recommendation reflects that, at his guilty plea hearing,

Bass confirmed that his decision to plead guilty was voluntary and was not the result of any promises other than plea agreement promises, and was not the result of any threats, force, or anyone pressuring him to plead guilty. Report and Recommendation (docket no. 17) at 5. Also, nothing in the record suggests that Bass had told his counsel that DEA agents had coerced his plea with promises not to arrest his wife or with promises to help him get a reduced sentence. Thus, counsel had no reason to appeal on the grounds that the prosecution had breached its plea agreement with Bass, no reason to appeal on the ground that Bass's guilty plea was otherwise coerced, and every reason to believe that an appeal was more likely to hurt Bass than to help him, where Bass had received only the mandatory minimum sentence.

Although the court need not proceed further with a claim of ineffective assistance of counsel, if the court finds no deficient performance by counsel, *see Walker*, 324 F.3d at 1040, the court also cannot find that any deficient performance of counsel in failing to pursue an appeal prejudiced Bass. Again, to establish "prejudice" as the second prong of his ineffective assistance claim, Bass must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). There is no prejudice here, because none of the arguments that Bass now contends he would have pursued on appeal was likely to result in reversal of his conviction. Because Bass was not convicted of any charge for resisting arrest or violence during his arrest, the alleged use of excessive force by the DEA agents during his arrest would not necessarily imply the invalidity of his conviction on the drug conspiracy charge. *See, e.g., Heck v. Humphrey*, 512 U.S. 477 (1994). Moreover, Bass's contentions that two DEA agents coerced him into pleading guilty by threatening to arrest

his wife, then promised him that they would help him get a reduced sentence, if he pleaded guilty, but did nothing to help him, and that the prosecutor promised to file a motion for downward departure because of his medical condition if he pleaded guilty, but then reneged on the plea agreement by failing to file such a motion, are completely unsupported by the record.

In short, Bass can show neither "deficient performance" nor "prejudice" to sustain his ineffective assistance of counsel claim, and that claim for relief will be denied.

## D. Breach Of The Plea Agreement

Bass's second claim is that the prosecutor "reneged" on his plea agreement by not filing a motion for downward departure based on his medical condition. The prosecution also denies that Bass is entitled to any relief on this claim.

### 1. Arguments of the parties

Bass argues that the prosecutor said that he would file a motion for downward departure on the basis of Bass's medical condition, if Bass would plead guilty, and that Bass took the prosecutor at his word. Bass argues that the prosecutor did not, however, make any such motion and, instead, allowed him to be sentenced to 20 years in prison, knowing full well the severity of the impairment from which he suffered. He contends that the prosecutor should not only be reprimanded for his devious tactic, but that he himself should be relieved of his conviction, because the resulting sentence was a violation of his constitutional right against cruel and unusual punishment.[5]

The prosecution argues that the plea agreement simply did not include any promise that the prosecution would make a motion for a downward departure based on Bass's

---

[5]Again, Bass's Amended Brief does not address this claim.

medical condition. Indeed, no portion of the plea agreement even mentions a motion for downward departure on any ground other than Bass's cooperation and, even then, whether to make such a motion is left in the prosecutor's discretion.

Bass offers no reply in further support of this claim.

### 2. Applicable standards

As this court has observed,

> The breach of a plea agreement by the prosecution is a serious matter:
>
>> Allowing the government to breach a promise that induced a guilty plea violates due process. *Santobello v. New York,* 404 U.S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971); [*United States v.*] *Van Thournout,* 100 F.3d [590,] 594 [(8th Cir. 1996)]. Further, "with respect to federal prosecutions, the courts' concerns run even wider than protection of the defendant's individual constitutional rights-to concerns for the honor of the government, public confidence in the fair administration of justice, and the effective administration of justice in a federal scheme of government." *United States v. Jensen,* 423 F.3d 851, 854 (8th Cir. 2005) (internal citation omitted).
>
> *United States v. E.V.,* 500 F.3d 747, 751 (8th Cir. 2007); *accord United States v. Sanchez,* 508 F.3d 456, 460 (8th Cir. 2007) ("Due process may be violated if there is a breach of a promise that induced a guilty plea."). Indeed, breach of a plea agreement is sufficiently serious that "harmless-error analysis does not apply when the government breaches a plea agreement." *United States v. Mosley,* 505 F.3d 804, 810 (8th Cir. 2007); *see also id.* at 812 (reading *Santobello* to hold that harmless-error analysis does not apply to breach of a plea agreement).

*United States v. Dicus*, 579 F. Supp. 2d 1142, 1150 (N.D. Iowa 2008). This court has also explained that, when confronted with a defendant's allegation that the prosecutor has

breached a plea agreement, the court engages in a two-step process: The court must first determine whether or not there has been a breach of the plea agreement, and if there has been a breach, then determine the proper remedy. *Id.* at 1151 (citing *E.V.*, 500 F.3d at 751 & 754, and *Mosley*, 505 F.3d at 809-12); *accord United States v. Callanan*, 582 F. Supp. 2d 1125, 1132-33 (N.D. Iowa 2008).

### 3.  Analysis

Bass's claim of breach by the prosecution of a plea agreement fails on the first prong of the applicable analysis, because Bass cannot show that there has been any breach of the plea agreement. *Id.*  This first step requires the court, interpreting the plea agreement according to general contract principles, to consider whether the plea was induced by an "'enforceable, bargained-for term of the plea agreement' that has been violated." *Id.* (quoting *E. V.,* 500 F.3d at 752); *accord Callanan*, 582 F. Supp. 2d at 1133.  Unlike the situation in either *Dicus* or *Callanan*, however, this case does not involve any term of the plea agreement that clearly and unambiguously required the prosecution to move for a downward departure based on Bass's medical condition.  The pertinent portions of the Plea Agreement, paragraphs 16 through 21, show that the only motion for downward departure contemplated by the parties' agreement was a motion based on Bass's cooperation, not his medical condition, and whether or not to make even that motion was left entirely to the prosecutor's discretion.[6]

Therefore, Bass's second ground for § 2255 relief will also be denied.

---

[6]Moreover, the court was well aware of Bass's medical condition from the PSIR and his presence at the sentencing hearing, the court considered Bass's medical condition in its consideration of the 18 U.S.C. § 3553(a) factors, and the court concluded that a sentence at the statutory mandatory minimum was nevertheless appropriate.

### E.  Impropriety Of The § 851 Enhancement

Bass's final claim was initially framed as a claim that the prosecution failed to file an "information" concerning a prior felony drug conviction as required by 21 U.S.C. § 851 in order to increase his mandatory minimum sentence.  That claim subsequently was amended to add an *Apprendi* challenge to the § 851 enhancement and a contention that the legislative history and applicable regulations make clear that Bass is not the kind of person to whom a § 851 enhancement was intended to apply.  The prosecution contends that this claim, however it is framed, is without merit.

### 1.  Arguments of the parties

Bass's argument in his opening brief is that the prosecution never filed an "information," as required by 21 U.S.C. § 851, to enhance the mandatory minimum sentence for the charged drug conspiracy offense on the basis of a prior felony drug conviction.  Thus, he contends that the prosecution failed to establish a prior conviction on the basis of which his mandatory minimum sentence could be enhanced.  He contends, therefore, that he should be sentenced to no more than ten years.

Bass's Amended Brief, however, contains quite different arguments relating to the § 851 enhancement of his sentence.  In his Amended Brief, Bass frames the claim as an *Apprendi* violation of his due process rights under the Fifth Amendment and he does, at least in passing, argue that the § 851 enhancement was not found by a jury beyond a reasonable doubt.  However, the crux of his argument in relation to the § 851 enhancement in his Amended Brief is that he is not the sort of individual that the statute was intended to cover.  This is so, he argues, because the statutory language is ambiguous and the legislative history and various regulations promulgated pursuant to the statute show that § 851 was meant to apply not to any person who has a prior conviction for a crime of violence or a controlled substances felony, but only to a special group of persons who had

participated or who reasonably could be expected to participate in a federal non-procurement program pursuant to Public Law 91-513.

The prosecution argues, first, that it provided adequate notice of the previous conviction on which it intended to rely to enhance Bass's potential sentence by identifying his prior conviction in the Indictment itself. The prosecution only responds to that part of Bass's Amended Brief asserting that he was entitled to a jury determination of his prior conviction pursuant to *Apprendi*. The prosecution points out that *Apprendi* itself recognized that a prior conviction was not an element that had to be submitted and proved to a jury beyond a reasonable doubt. Here, the prosecution asserts that Bass acknowledged in the Plea Agreement, ¶ 36(D), that he had a prior felony drug conviction in 1998.

In his reply brief, Bass argues for the first time that the Indictment did not give any adequate notice of the prior conviction on which the prosecution intended to rely, because he had never been in South Dakota prior to 2004, so he could not have been convicted of any felony drug offense in South Dakota in 1998. He admits, however, that he was arrested in December 1997 in Nebraska for what he contends was a marijuana offense, to which he pleaded guilty in 1998, and for which he received a sentence of two years probation. He contends that the prior conviction in Nebraska would not have sufficed for a ten-year enhancement to his mandatory minimum sentence. He also reiterates his argument that he is not the sort of individual to whom the § 851 enhancement was intended to apply and notes that the prosecution failed to address that argument.

### 2. *Analysis*

#### a. *Lack of a § 851 information*

The first part of Bass's claim relating to the § 851 enhancement is that he did not receive the required notice for a § 851 enhancement, because the prosecution never filed an "information" regarding its intent to rely on a prior felony conviction to enhance his

mandatory minimum sentence. This court recently considered the requirements of § 851 in some detail in *United States v. Ingram*, 613 F. Supp. 2d 1069 (N.D. Iowa 2009). The court noted, *inter alia*, "Subsection (a) of the statute provides, in pertinent part, that no enhancement for a prior conviction is permitted 'unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.'" *Ingram*, 613 F. Supp. 2d at 1088 (quoting 21 U.S.C. § 851(a)(1)). However, the court also noted that, in *United States v. Johnson*, 462 F.3d 815, 823 (8th Cir. 2006), the Eighth Circuit Court of Appeals had held that, although the general procedure is for the prosecution to file a separate information pursuant to § 851, the statute only requires "notice" of intent to rely on a prior conviction, and that "notice" may come from the face of the indictment, if it lists the prior convictions on which the prosecution intends to rely and expressly cites § 851. *Ingram*, 613 F. Supp. 2d at 1088.

More specifically, in *Johnson*, the Eighth Circuit Court of Appeals explained,

> [T]he purpose of notice under § 851 is to comply with the constitutional requirements of due process. *United States v. Curiale*, 390 F.3d 1075, 1076 (8th Cir. 2004). "In applying the statute's requirements, courts are careful not to elevate form over substance." *Id.* at 1077. In applying this principle, we have placed the greatest weight on whether the defendant enjoyed "full knowledge of the consequences" of his prior convictions when making strategic decisions in the course of his defense, including whether to challenge the fact of prior conviction or whether to plead guilty or to go to trial. *See id.*; *United States v. Timley*, 443 F.3d 615, 625-27 (8th Cir. 2006).

*Johnson*, 462 F.3d at 823. The court held that the purpose of § 851 notice was served, where "[t]he indictments filed against Johnson listed the prior convictions on which the government intended to rely, cited § 851, and cited the relevant sections providing for an enhanced sentence on the basis of prior convictions." *Id.* The court held, further, that "the plea negotiations prior to trial provided the defendant with explicit notice of the government's intent at trial to seek a life sentence," even though the indictment did not include an allegation that the offenses took place within 1,000 feet of a protected location, which would carry a mandatory life sentence pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851. *Id.* The court noted that the prosecution intended to seek a superseding indictment to include the protected location charge, but prior to doing so, sent the defendant two letters providing him with notice of the possibility of a mandatory life sentence if convicted under the anticipated charges, and when plea negotiations failed, the prosecution did obtain such a superseding indictment. *Id.* at 823-24. The court held that, on such a record, the prosecution had provided adequate notice to the defendant that he faced a mandatory life sentence if convicted of the charged offense and that a contrary ruling would place form over substance. *Id.* at 824.

Here, the Indictment expressly gave notice of the prosecution's intent to rely on Bass's 1998 felony drug conviction, cited § 851, and cited the relevant sections providing for an enhanced sentence based on prior convictions. *Id.* at 823. Thus, the Indictment alone might have been sufficient to provide the necessary notice. *Id.* However, as Bass points out, the Indictment identified the prior conviction as having been in South Dakota, when he had no prior conviction in 1998 or at any other time in South Dakota, but did have a 1998 drug conviction in Nebraska. The decision in *Johnson* also makes clear that this deficiency is not fatal to the § 851 enhancement in this case, however, because the prosecution made clear in the course of negotiating Bass's plea that the prior conviction

on which it was relying was the Nebraska conviction, and Bass recognized the correction in paragraph 36(D) of his Plea Agreement. *Cf. id.* at 823-24 (notice of the enhancing offense during plea negotiations is sufficient to satisfy the "notice" requirement of § 851). Thus, Bass is not entitled to relief on the ground that he received insufficient notice of a § 851 enhancement, because no "information" was filed by the prosecution.

### b. *Insufficiency of the prior conviction to trigger an enhancement*

There is also no basis for Bass's contention that the identified offense was not an offense that would have permitted an enhanced mandatory minimum sentence pursuant to § 851 or § 841(b)(1)(A), because it was only for a marijuana offense. The PSIR and the probation officer's response to Bass's objections to the PSIR reveal that the charging documents for the offense in question indicate that the charge was for possession of methamphetamine for which Bass was sentenced to three years of intensive supervision probation and, after his probation was revoked, he was sentenced to 20 to 36 months in prison. Such an offense plainly qualifies for the prior felony drug conviction enhancement pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851. As the Fifth Circuit Court of Appeals has observed, "The statutory enhancement [pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851], on its face, is imposed regardless of the severity of the underlying felony drug offenses. . . ." *United States v. Harris*, 566 F.3d 422, 436 (5th Cir. 2009). Thus, Bass is not entitled to relief on the ground that his prior drug conviction was insufficient to enhance his mandatory minimum sentence pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851.

### c. **The** Apprendi *claim*

Bass's claim that the § 851 enhancement violates *Apprendi* is equally unavailing. It is true that *Apprendi v. New Jersey,* 530 U.S. 466 (2000), generally requires that any fact increasing the penalty beyond the prescribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt, but *Apprendi* expressly excludes prior

convictions from the facts requiring jury determination. *See, e.g., Cunningham v. California*, ___ U.S. ___, 127 S.Ct. 856, 868 (2007) ("Except for a prior conviction, 'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'") (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). Thus, Bass's "*Apprendi* claim" also affords him no relief.

### d. Inapplicability of § 851 to persons like Bass

Bass's final argument relating to the § 851 enhancement, which the prosecution overlooks, is that he is not the sort of individual that the statute was intended to cover. This argument fails as a simple matter of statutory interpretation: Nothing in the plain language of either 21 U.S.C. § 841(b)(1)(A) or 21 U.S.C. § 851 limits the enhancement of the mandatory minimum sentence based on a prior felony drug conviction to any class of persons other than those who have a prior felony drug conviction; rather, the enhancement unambiguously applies to "any person" with a prior felony drug conviction. *See* 21 U.S.C. § 841(b)(1)(A) ("If *any person* commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment. . . ." (emphasis added)); 21 U.S.C. § 851 ("*No person* who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions [unless certain notice requirements are met]." (emphasis added)); *see also Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253 (1992) (recognition of the plain language of the statute is the "one, cardinal canon before all others" of statutory interpretation).

Thus, this final argument also affords Bass no relief on his § 2255 Motion.

## F. Certificate of Appealability

Denial of Bass's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Bass has not made a substantial showing of the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Bass's claims to be debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Bass does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

## III. CONCLUSION

Upon the foregoing, petitioner Bass's April 11, 2007, *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (§ 2255 Motion) (docket no. 1) is **denied in its entirety**. This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 21st day of July, 2009.

Mark W. Bennett
_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA