# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

ROY SHANNON BASS,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

No. C 07-4024-MWB
(No. CR 05-4073-MWB)

**OPINION AND ORDER REGARDING PETITIONER'S MOTION PURSUANT TO RULE OF CIVIL PROCEDURE 60(b)(6)**

_____

    This case is before me on petitioner Roy Bass's May 30, 2017, Motion Pursuant To Rule Of Civil Procedure 60(b)(6) (Rule 60(b)(6) Motion). By way of background, Bass pleaded guilty in this court, pursuant to a plea agreement, to a charge of conspiracy to distribute 500 grams or more of a methamphetamine mixture within 1000 feet of an elementary school, after a prior conviction of a felony drug offense, in violation of 21 U.S.C. § 846. On April 13, 2006, I sentenced Bass to the statutory mandatory minimum sentence of 20 years (240 months) of imprisonment, and judgment entered accordingly on April 19, 2006. Bass filed a *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aide, Or Correct Sentence By A Person In Federal Custody (§ 2255 Motion) on April 11, 2007. In a Memorandum Opinion And Order Regarding Petitioner's § 2255 Motion (§ 2255 Ruling), filed July 21, 2009, I denied Bass's § 2255 Motion in its entirety and concluded that no certificate of appealability would issue for any claim or contention in this case. Judgment entered accordingly on July 21, 2009, and no appeal followed.

    Nearly eight years after denial of his § 2255 Motion, Bass filed his Rule 60(b)(6) Motion. In response, on July 11, 2017, the respondent filed a Motion To Dismiss Petitioner's Motion Pursuant To Rule 60(b)(6), asserting that Bass's Rule 60(b)(6)

Motion is a second or successive petition for *habeas* relief filed without permission of the Eighth Circuit Court of Appeals.

As the Eighth Circuit Court of Appeals has explained,

> [B]efore filing a second or successive petition in district court, a habeas applicant must receive an order authorizing it from the court of appeals. [28 U.S.C.] § 2244(b)(3). Under the statutory scheme, a second or successive habeas motion filed by someone in federal custody must also "be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h).

*United States v. Lee*, 792 F.3d 1021, 1023 (8th Cir. 2015). Furthermore, "[i]t is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005).

Specifically, as to Rule 60(b) motions, the Eighth Circuit Court of Appeals has explained,

> The Supreme Court has decided that AEDPA's procedural requirements for second or successive habeas petitions apply to motions for relief from a judgment filed under Federal Rule of Civil Procedure 60(b). *Gonzalez [v. Crosby]*, 545 U.S. [524,] 531, 125 S.Ct. 2641 [(2005)]. The *Gonzalez* Court explained that Rule 60(b) motions often contain claims which are "in substance a successive habeas petition and should be treated accordingly." 545 U.S. at 530–31, 125 S.Ct. 2641. The Court gave examples of such motions, one being an assertion that owing to excusable neglect "the movant's habeas petition had omitted a claim of constitutional error" and an accompanying request to present the claim. *Id.*, citing *Harris v. United States*, 367 F.3d 74, 80–81 (2d Cir.2004). Another example is a motion attacking

> a "previous resolution of a claim on the merits." 545 U.S. at 532, 125 S.Ct. 2641 (emphasis in original).
>
> A Rule 60(b) motion is not treated as second or successive under AEDPA, however, if it does not raise a merits challenge to the resolution of a claim in a prior habeas proceeding, but instead attacks "some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532–33, 125 S.Ct. 2641. Thus, the Rule 60(b) motion in *Gonzalez* which sought to challenge a statute of limitations ruling which had prevented review of an initial habeas petition, did not require precertification under § 2244(b)(3). *Id*. at 533, 538, 125 S.Ct. 2641.

*Lee*, 792 F.3d at 1023.

Here, Bass's Rule 60(b)(6) Motion does not merely attack some defect in the integrity of the federal *habeas* proceedings, which would be an argument that could be properly asserted in a Rule 60(b) motion. *Id*. Rather, his Rule 60(b)(6) Motion asserts claims of constitutional error in his underlying conviction that he never raised in his § 2255 Motion, but now wishes to present to the court, so that his purported Rule 60(b)(6) Motion is a second or successive *habeas* petition subject to the requirements of 28 U.S.C. § 2244(b)(3). *Id*. Specifically, in his original § 2255 Motion, Bass asserted three grounds for relief: (1) ineffective assistance of his counsel in failing to proceed with a direct appeal of his conviction and sentence; (2) the prosecutor's "reneging" on a plea agreement by not filing a motion for downward departure based on his medical condition; and (3) failure of the prosecution to file an "information" concerning a prior felony drug conviction as required by 21 U.S.C. § 851 in order to increase his mandatory minimum sentence. § 2255 Ruling (docket no. 8), 2. In his Rule 60(b)(6) motion, however, Bass now asserts the following: (1) that his trial counsel was ineffective in failing to assert that the federal court lacked jurisdiction, because, pursuant to the Tenth Amendment to the United States Constitution, he was to go before a state judge, and could not be tried

3

in federal court without consent; (2) that the federal magistrate judge was committing a crime by ordering him detained in federal custody; (3) that his trial counsel was ineffective, because he was convicted of a "non-existent" federal crime, and his counsel did not report the improper prosecution to the FBI; and (4) that he was not tried by a fair and impartial jurist. Because Bass's purported Rule 60(b)(6) Motion asserts different and entirely new claims for *habeas* relief, it is a second or successive *habeas* motion that must "be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h); *Lee*, 792 F.3d at 1023.

Under the circumstances, I have discretion either to dismiss Bass's Rule 60(b)(6) Motion or transfer it to the court of appeals for consideration of precertification. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam) (if Rule 60(b) motion is actually a successive habeas petition, the district court should dismiss it for failure to obtain authorization from the court of appeals, or in its discretion, transfer the motion to the court of appeals). Here, the respondent specifically seeks dismissal of the Rule 60(b)(6) Motion, on the ground that it is a second or successive habeas petition. Because the Rule 60(b)(6) Motion was filed several years after Bass's original § 2255 Motion, it asserts entirely new claims, and I do not see the slightest chance that Bass's second or successive motion meets the requirements for certification pursuant to 28 U.S.C. § 2255(h), because it is not based on newly discovered evidence or a new rule of constitutional law, I conclude that dismissal is appropriate.

THEREFORE,

1. Petitioner Roy Bass's May 30, 2017, Motion Pursuant To Rule Of Civil Procedure 60(b)(6) (docket no. 11) is **denied** and **dismissed** on the ground that it is a second or successive petition for *habeas* relief filed without the required precertification by the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3); and

4

2.	For the reasons stated in the previous paragraph, the respondent's July 11, 2017, Motion To Dismiss Petitioner's Motion Pursuant To Rule 60(b)(6) (docket no. 12) is **granted**.

FURTHERMORE, I conclude that Bass has failed to make a substantial showing that the conclusion that his Rule 60(b)(6) Motion is a second or successive *habeas* petition is debatable among reasonable jurists, that a court could resolve any of the issues raised in that motion differently, or that any question raised in that motion deserves further proceedings. Consequently, a certificate of appealability is denied as to any argument or contention in Bass's Rule 60(b)(6) Motion. *See* 28 U.S.C. § 2253(c)(1)(B); *Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

**IT IS SO ORDERED**.

**DATED** this 23rd day of October, 2017.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA